UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

NEELKANTH DAVE,

        Plaintiff,

vs.

BUMBY ONE LLC d/b/a Bumby Food Mart and BRIJESH PATEL,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, NEELKANTH DAVE ("Mr. Dave"), by and through undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendants, BUMBY ONE LLC d/b/a Bumby Food Mart ("Bumby One") and BRIJESH PATEL ("Mr. Patel"), and states as follows:

### I. INTRODUCTION

1. The Federal Fair Labor Standards Act (the "Act") was designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. § 202(a).

2. To achieve its goals, the Act sets minimum pay standards for employees and employers.

1

3. Importantly, the Act also prevents "[t]he exploitation of a class of workers who are in an unequal position with respect to bargaining power[]." *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 399 (1937)(Hughes, C.J.). "[T]he denial of a living wage is not only detrimental to their health and well being but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay." *Id.*

4. Bumby One utilized its unequal bargaining power to render Mr. Dave defenseless against the denial of a living wage, something he is entitled to receive and which is protected by the Act.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b).

## III. FACTUAL ALLEGATIONS

7. Mr. Dave was employed by Bumby One from approximately February 9, 2020 to May 31, 2020.

8. Bumby One operates a gas station and convenient store.

9. Mr. Dave was employed by Bumby One as an assistant manager.

10. Bumby One agreed to pay Mr. Dave $9.00 an hour.

11. At all times relevant to his employment, Mr. Dave, regularly used the instrumentalities and channels of interstate commerce while performing his work.

12. At all times relevant to his employment, Mr. Dave was directly engaged in interstate commerce or in the production of goods for interstate commerce.

13. Bumby One is an "employer" as defined by 29 U.S.C. § 203(d).

14. Bumby One has employees subject to the provisions of the FLSA in the facility where Mr. Dave was employed.

15. Bumby One employed two or more persons, including Mr. Dave, engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person.

16. Mr. Dave avers based on information and belief that at all times relevant to the violations of the Fair Labor Standards Act, Bumby One is an enterprise whose annual gross volume of sales made or business done was not less than $500,000.

17. Defendant, Mr. Patel, is the owner of Bumby One.

18. Defendant, Mr. Patel, is involved in the day-to-day operations of Bumby One.

19. Defendant, Mr. Patel, guided the company policies of Bumby One.

20. Defendant, Mr. Patel, actively engaged in the management, supervision, and oversight of Bumby One.

21. Defendant, Mr. Patel, could have authorized Bumby One's compliance with the Fair Labor Standards Act.

22. Defendant, Mr. Patel, had control over the financial affairs of Bumby One.

23. Defendant, Mr. Patel, at all times material hereto was acting directly or indirectly in the interest of Bumby One in relation to Bumby One's employees and was substantially in control of the terms and conditions of the employees' work.

24. Mr. Dave worked more than forty hours in numerous workweeks but never received time-and-a-half for each overtime hour worked.

25. Mr. Dave worked several weeks without receiving the proper minimum wage for each hour worked.

26. Bumby One had knowledge that Mr. Dave was working overtime without proper compensation.

27. Bumby One had knowledge that Mr. Dave worked several weeks without receiving minimum wage.

28. Bumby One failed to make a good faith effort to determine if Mr. Dave was being compensated appropriately pursuant to the Fair Labor Standards Act.

29. Bumby One's unlawful compensation practices are in willful disregard of the rights of Mr. Dave.

30. Bumby One has failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

31. Bumby One also failed to post the required notice pursuant to the Fair Labor Standards Act.

32. Mr. Dave has retained LaBar & Adams, P.A. as counsel and has agreed to pay said firm a reasonable attorney's fee for its services.

## COUNT I
## PLAINTIFF, NEELKANTH DAVE'S CLAIM
## FOR VIOLATIONS OF THE OVERTIME PROVISION OF
## THE FAIR LABOR STANDARDS ACT- BUMBY ONE
## AND BRIJESH PATEL

33. Plaintiff, Mr. Dave, re-alleges and incorporates herein the allegations contained in paragraphs 2 to 32 above.

34. From February 9, 2020 to May 31, 2020, Bumby One repeatedly and willfully violated § 7 and § 15 of the Fair Labor Standards Act by failing to compensate Mr. Dave at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours.

35. Specifically, Plaintiff worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

36. Defendants knew or should have known that Mr. Dave was working overtime without receiving the proper compensation in accordance with the FLSA.

37. Bumby One willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

38. Bumby One failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Mr. Dave demands a judgment against Bumby One and Mr. Patel, jointly and severally, for the following:

(a) Unpaid overtime wages found to be due and owing;

    (b)    An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

    (c)    Prejudgment interest;

    (d)    A reasonable attorney's fee and costs; and,

    (e)    Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Mr. Dave demands a jury trial on all issues contained in Count I.

## COUNT II
## PLAINTIFF, NEELKANTH DAVE'S CLAIM FOR VIOLATIONS OF THE MINIMUM WAGE PROVISION OF THE FAIR LABOR STANDARDS ACT- BUMBY ONE AND BRJESH PATEL

39. Plaintiff, Mr. Dave, re-alleges and incorporates herein the allegations contained in paragraphs 2 to 32 above.

40. Mr. Dave was employed by Bumby One from approximately February 9, 2020 to May 31, 2020.

41. During Mr. Dave's employment, Bumby One repeatedly and willfully violated § 6 and § 15 of the Fair Labor Standards Act by failing to compensate Mr. Dave above the appropriate minimum wage rate for each and every hour worked. Specifically, Mr. Dave was not compensated the appropriate minimum wage rate from May 11, 2020 to May 31, 2020.

42. Mr. Dave did not receive any compensation from Defendants from May 11, 2020 to May 31, 2020.

43. Bumby One willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

44. Bumby One failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Mr. Dave demands a judgment against Bumby One and Mr. Patel, jointly and severally, for the following:

(a) Unpaid minimum wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Mr. Dave demands a jury trial on all issues contained in Count II.

## COUNT III- BREACH OF CONTRACT-BUMBY ONE

45. Mr. Dave incorporates by reference as though fully set forth herein the allegations of paragraphs 7-10 and 32 of this Complaint.

46. On or about February 2020, Bumby One offered Mr. Dave $9.00 an hour to work as an assistant manager.

47. Mr. Dave accepted Bumby One's offer of $9.00 an hour to work as an assistant manager.

48. Mr. Dave performed work pursuant to the parties' agreement from May 11, 2020 to May 31, 2020.

49. Bumby One breached the Parties agreement by failing to compensate Mr. Dave at $9.00 an hour for all work performed from May 11, 2020 to May 31, 2020.

50. As a result of Bumby One's breach of contract as described herein, Mr. Dave has suffered damages.

WHEREFORE, Mr. Dave respectfully requests that this Court grant the following relief:

A. Award Mr. Dave lost wages;

B. Award Mr. Dave pre-judgment and post-judgment interests;

C. Award Mr. Dave the costs of this action, together with reasonable attorney's fees; and,

D. Award Mr. Dave such other relief the Court deems is just and proper.

**JURY TRIAL DEMAND**

Mr. Dave demands a jury trial on all issues contained in Count III.

Dated:  September 8, 2020

Respectfully submitted,

N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)