## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

NEELKANTH DAVE,

                    Plaintiff,

v.                                                      Case No:  6:20-cv-1652-Orl-37DCI

BUMBY ONE LLC and BRIJESH
PATEL,

                    Defendants.

_____

## REPORT AND RECOMMENDATION

      This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Amended Joint Motion to Approve FLSA Settlement and to Dismiss with Prejudice (Doc. 19)** |
| **FILED:** | **November 18, 2020** |

**THEREON** it is **Recommended** that the motion be **GRANTED**.

### I.      Background

      In September 2020, Plaintiff brought this action against Defendant for failure to pay overtime and minimum wages in violation of the Fair Labor Standards Act (FLSA).  Doc. 1.  The parties subsequently filed a joint motion to approve their settlement, to which they attached their settlement agreement.  Docs. 19 (the Motion); 19-1 (the Agreement).  Under the Agreement, Plaintiff will receive a total of $6,000.00 ($1,475.00 in unpaid minimum wages, $1,475.00 in liquidated damages for the minimum wages, $1,475.00 in unpaid overtime wages, $1,475.00 in liquidated damages for the overtime wages, and $100.00 for the dismissal of the non-FLSA wage

claim) and counsel will receive $3,500.00 in attorney fees and costs.  Doc. 19-1.  The parties argue

that the Agreement represents a reasonable resolution of Plaintiff's FLSA claims, and the parties

request that the Court grant the Motion and dismiss the case with prejudice.  Doc. 19.

## II.   Law

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may

become enforceable by obtaining the Court's approval of the settlement agreement.[1]  *Lynn's Food*

*Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  Before approving

an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is

a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims.  *See id*. at 1353-

55.  In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).

The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims

that are actually in dispute.  *See Lynn's Food Stores*, 679 F.2d at 1354.  There is a strong

presumption in favor of settlement.  *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3]  The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim.  *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

**III.     Discussion**

**A.  The Settlement**

The parties assert that the Agreement reflects a reasonable resolution of the disputed issues in this case, as well as a compromise in light of the costs and uncertainty of further litigation.  Doc. 19.  Specifically, the parties have exchanged information and contend that bona fide disputes remain as to: "(i) the number of unpaid overtime hours worked by Plaintiff; (ii) the number of unpaid regular or straight time hours worked by Plaintiff; and (iii) whether Plaintiff is entitled to recover liquidated damages under the FLSA." *Id.* at 2.  The parties have been represented by counsel throughout this case and engaged in settlement discussions.  *Id.*  Plaintiff will receive damages as part of the settlement in the amount of total of $6,000.00 ($1,475.00 in unpaid minimum wages, $1,475.00 in liquidated damages for the minimum wages, $1,475.00 in unpaid overtime wages, $1,475.00 in liquidated damages for the overtime wages, and $100.00 for the

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  *See* 11th Cir. R. 36-2.

dismissal of the non-FLSA wage claim).  *Id*.  The undersigned finds that this is a fair and reasonable compromise based on the parties' representation in the Motion.  Therefore, it is **RECOMMENDED** that the Court find that the settlement is a fair and reasonable resolution of Plaintiff's FLSA claims.

### B.  The Other Terms of the Agreement

Upon review of the Agreement, the undersigned finds that the Agreement does not contain a general release, confidentiality provision, non-disparagement clause, an allowance for written modifications, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements.  Accordingly, it is **RECOMMENDED** that the find that the terms of the Agreement do not affect the reasonableness of the settlement.

### C.  Attorney Fees and Costs

Plaintiff's counsel will receive $3,500.00 in attorney fees and in costs for representing Plaintiff in this case.  Doc. 19.  The parties state that the attorney fees were independently and separately negotiated.  *Id*.  The settlement is reasonable to the extent previously discussed, and the parties' foregoing statement adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff.  *See Bonetti*, 715 F. Supp. 2d at 1228.  Therefore, it is **RECOMMENDED** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

### IV.    Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 19) be **GRANTED**;

2. The Court find the Agreement (Doc. 19-1) to be a fair and reasonable settlement of Plaintiff's claims under the FLSA;

3. The case be **DISMISSED with prejudice**; and

4. The Clerk be directed to close the case.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 29, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy